UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LUBIN,

    Plaintiff,

v.

    Case No. 20-cv-13233
    Hon. Matthew F. Leitman

FCA US, LLC,

    Defendant.
_____/

## **ORDER DENYING MOTION FOR RECONSIDERATION (ECF No. 31)**

In this action, Plaintiff Michael Lubin claims that his former employer, FCA US, LLC ("FCA"), discriminated against him based on his age, in violation of the federal Age Discrimination in Employment Act, 29, U.S.C. § 621 (the "ADEA") and Michigan's Elliot-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 et seq. (the "ELCRA"). Lubin's Complaint also alleges that FCA terminated his employment in violation of Michigan public policy.

On April 29, 2022, FCA moved for summary judgment on all of Lubin's claims. (*See* Mot., ECF No. 17.) On February 15, 2023, the Court entered an order granting FCA's motion in part and denying it in part. (*See* Order, ECF No. 30.) More specifically, the Court granted summary judgment in favor of FCA on Lubin's age discrimination claim under the ADEA, on Lubin's age discrimination claim under the ELCRA (with the exception of the hostile work environment component of that

1

claim), and on Lubin's claim for discharge in violation of Michigan public policy. The Court denied summary judgment without prejudice on the remainder of Lubin's claims.

On March 15, 2023, Lubin filed a motion for reconsideration. (*See* Mot., ECF No. 31.) In that motion, he asks the Court to reconsider the portions of its summary judgment order that were adverse to him. For the reasons explained below, the motion is **DENIED**.

**I**

Lubin says that he seeks reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b). But neither of those rules applies here. Both rules apply only to final orders and judgments. *See CGH Transp., Inc. v. Quebecor World, Inc.*, 261 F. App'x 817, 823, n. 10 (6th Cir. 2008) (explaining that Rule 59(e) "applies to judgments and final orders."); *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840 (6th Cir. 2011) (recognizing "the well-established rule that Rule 60(b) applies only to final, appealable judgments."). And the order that Lubin asks the Court to consider is interlocutory, not final, because it did not dispose of all of the claims in the action and is not immediately appealable. Thus, Lubin may not seek reconsideration of the Court's summary judgment order under either Rule 59(e) or 60(b).

Instead, the vehicle available to Lubin for seeking reconsideration is Local Rule 7.1(h)(2). That rule authorizes a party to seek reconsideration of a non-final order like the Court's summary judgment order. In relevant part, the rule provides:

> **(h) Motions for Rehearing or Reconsideration.**
>
> ***
>
> **(2) Non-Final Orders.** Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:
> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> (B) An intervening change in controlling law warrants a different outcome; or
> (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

## II

As an initial matter, Lubin is not entitled to reconsideration because his motion was not timely. He filed the motion thirty days after the Court issued its summary judgment order and did not meet the 14-day deadline set forth in Local Rule 7.1(h)(2). For that reason alone, Lubin's motion must be denied.

## III

Lubin's motion also fails on the merits. He has not shown that the Court erred, much less that the Court committed an error that was so serious that its correction would change the summary judgment ruling.

3

**A**

Lubin first argues that the Court erred in granting partial summary judgment in favor of FCA because his counsel filed an affidavit under Federal Rule of Civil Procedure 56(d) identifying additional discovery that Lubin needed in order to fully and fairly respond to FCA's motion. (*See* Mot, ECF No. 31, PageID.668-69.) However, as the Court noted in the summary judgment order, Lubin's counsel did not identify any outstanding or incomplete discovery that related to the basis on which the Court granted partial summary judgment in favor of FCA. (*See* Order, ECF No. 30, PageID.659.)

Counsel's affidavit stated that in order to respond to FCA's motion on Lubin's age discrimination claims, Lubin needed "a list of names of employees who worked for Defendant in the time when Plaintiff received a lower '4' rating, including their employment status ('retired,' 'terminated,' etc.)." (ECF No. 18, PageID.410.) But Lubin clearly did not need a list of *every* employee who worked for FCA (a huge company) at the time he received a level "4" rating. As the Court clarified in the summary judgment ruling, Lubin's age discrimination claim was a disparate treatment claim (*see* Order, ECF No. 30, PageID.647-650), and in order to respond to FCA's motion for summary judgment on that claim, Lubin needed to know the identity of, and to have information about, FCA employees who were his true

comparators.[1] *See Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521- 22 (6th Cir. 2008) (explaining that one element of a prima facie case age discrimination under the ADEA may be satisfied by showing that the plaintiff was treated less favorably than similarly-situated employees who are not protected under the ADEA).  FCA has shown that Lubin had that data. (*See* Decl. of Sharon Rae Gross, ECF No. 23-3.)

## B

Lubin next argues that the Court erroneously concluded that his age discrimination claims are "prevented" by evidence of "personal animus." (Mot., ECF No. 31, PageID.670.)  But that is not what the Court ruled.

In the summary judgment ruling, the Court explained that no reasonable jury could conclude that FCA terminated Lubin based upon his age. (*See* Order, ECF No. 30, PageID.653.)  The Court listed several reasons in support of that conclusion.  The last reason was that Lubin's own evidence suggests that he was not terminated based upon his age.  The evidence to which the Court referred was an affidavit in which one of Lubin's witnesses explained that an FCA manager named Mary Ann Kirsch

---

[1] The Court rejected Lubin's assertion that his Complaint asserted a disparate impact age discrimination claim.  While it may be at least arguable that some of the information identified in the Rule 56(d) affidavit filed by Lubin's counsel would have been relevant to a disparate impact claim of age discrimination, he did not need that information to defend against FCA's motion for summary judgment on his disparate treatment claim.

"did not like" Lubin. (*Id.*, PageID.654.) The Court explained that this evidence suggested that to the extent there was any animus against Lubin, it was "personal animus," not age-based animus that could support an age discrimination claim. (*See id.*) That conclusion is in accord with Sixth Circuit precedent. *See Tilley v. Kalamazoo Cty. Road Comm.*, 777 F3d 303, 309 (6th Cir. 2015) (affirming grant of summary judgment on age discrimination claim where the plaintiff "presented evidence that his superiors may have harbored animus against him," but "failed to present evidence that that animus was linked to his age").

Moreover, Lubin has again failed to cite any evidence that Kirsch did, in fact, harbor any age-based animus against him. His own deposition testimony further suggests that she did not. He testified that he never heard Kirsch make any age-based statements (Lubin Dep. at 127, ECF 17-2, PageID.156), and that he had a "good conversation" with her about his concerns with respect to how he was being treated. (*Id.* at 198-99, PageID.174.) Finally (and most importantly), when he was asked why he identified Kirsch as someone responsible for discriminating against him based upon his age, he said that he did so simply because she was "the next level up" from his manager who directly discriminated against him, *not* because "she ever [did] anything in particular that [he] thought was evidence of age bias." (*Id.* at 228, PageID.181.)

6

For all of these reasons, the Court did not err when it concluded that Kirsch's alleged personal dislike of Lubin – which Lubin has never tied to his age – was one of many factors which suggested that, if and to the extent Lubin was fired based upon any animus, it was not age-based animus.

## C

Finally, Lubin complains that the Court erroneously concluded that his age discrimination claim was "prevented" by the fact that he had received negative performance evaluations from managers other than the one whose evaluation led to his termination. (Mot., ECF No. 31, PageID.671.)  But again, that is not what the Court ruled.  The Court did not hold that Lubin's claim failed as a matter of law because other managers had given him poor performance reviews.  Instead, the Court concluded that those other negative reviews were one piece of evidence that cut against Lubin's claim that his final manager gave him a wholly unwarranted bad performance review as a pretext for age discrimination. (*See* Order, ECF No. 30, PageID.653.)

That conclusion makes sense.  Lubin did not contend that the other managers who gave him the earlier poor reviews harbored age-based animus against him.  And the fact that non-biased managers gave him negative reviews is one fact that suggests, at least to some extent, that his final manager's poor review was not a manufactured pretext for age discrimination.

7

For these reasons, the Court did not err in its consideration of the prior reviews, nor did it give undue weight to those reviews.

## IV

For all of the reasons explained above, Lubin's motion for reconsideration (ECF No. 31) is **DENIED.**

**IT IS SO ORDERED.**

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 14, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan<br>
Case Manager<br>
(313) 234-5126